IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RANDALL PARKER #17337-075, ) | |
| ) | |
| Petitioner, ) | |
| ) | NO. 3:24-CV-00481 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| UNITED STATES OF AMERICA, ) | MAGISTRATE JUDGE |
| ) | NEWBERN |
| Respondent. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

Randall Parker, an inmate of the United States Penitentiary, Coleman I in Sumterville, Florida, filed a Petition for Relief Pursuant to 28 U.S.C. § 2241. (Doc. No. 3). Plaintiff has paid the filing fee. (Doc. No. 10).

As a preliminary matter, after filing his initial petition, Parker filed a Motion to Supplement the Record (Doc. No. 17). In the memorandum Parker filed in support of his motion, he challenges the search and seizure that led to his arrest. (Doc. No. 17, Attach. 1 at 3). Essentially, then, Parker's Motion to Supplement seeks permission to amend his Section 2241 petition to assert claims challenging his conviction and sentence. However, Section 2241 is not the appropriate vehicle for such a challenge. Instead, a petitioner wishing to challenge his conviction and/or sentence must be do so by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Accordingly, Parker's Motion to Supplement the Record (Doc. No. 17) is **DENIED**. The denial does not limit or otherwise affect Parker's ability to file a Section 2254 petition.[1]

---

[1] The Court makes no representations as to the timeliness or merits of any such petition. Because there is a prohibition on "second or successive" Section 2254 petitions, the Court should not recharacterize Parker's instant petition as one brought under Section 2254. *See Martin v. Overton*, 391 F.3d 710, 713 (6th Cir. 2004) (reversing district court's *sua sponte* recharacterization, without notice, of inmate's filing as a petition brought pursuant to Section 2254 where inmate had originally and incorrectly asserted petition was brought under Section 2241).

1

Parker is currently serving a life sentence of imprisonment after a jury found him guilty of various drug trafficking and money laundering offenses. (Case No. 3:02-cr-00053, Doc. Nos. 388, 394). Parker's convictions stemmed from his involvement in the importation and distribution of large quantities of cocaine and related money laundering. Parker and his co-conspirators were deemed responsible for between 300 and 400 kilograms of cocaine. A jury determined Parker himself derived over $10 million from his illegal activities. (*Id*., Doc. No. 398).

Parker was sentenced to concurrent life terms on the drug trafficking counts and lesser terms on the remaining counts. (*Id*., Doc. No. 525). Finding that Petitioner did not have the financial ability to pay a fine, the Court did not impose a fine. (*Id*., Doc. No. 755 (Sealed)). The Court imposed a $700 Assessment, noting "[i]t is mandatory." (*Id*., Doc. No. 733 at 6; Doc. No. 755 (Sealed)).

The Sixth Circuit affirmed Parker's convictions, but vacated and remanded his sentence for reconsideration in light of *United States v. Booker*, 543 U.S. 220 (2005), and *United States v. Kimball*, 194 F. App'x 373 (6th Cir. 2006). On remand, the Court applied the same sentence. (*Id*., Doc. No. 733). The Sixth Circuit affirmed. *United States v. Parker*, 341 F. App'x 122 (6th Cir. 2009), *cert. denied*, 562 U.S. 926 (2010). Subsequent collateral attacks on Parker's sentence and conviction were unsuccessful. *Parker v. United States*, 2012 WL 3202221 (M.D. Tenn. Aug. 3, 2012) (denying 28 U.S.C. § 2255 motion); *Parker v. Holland*, 2015 WL 4458886 (E.D. Ky. July 21, 2015) (denying 28 U.S.C. § 2241 motion); Doc. No. 845 (denying motion brought pursuant to 18 U.S.C. § 3582(c)(2)).

Parker has been in custody since his arrest in March 2002. Under 28 U.S.C. § 2241(c)(3), a writ of habeas corpus extends to a prisoner "in custody in violation of the Constitution or laws or treatises of the Unites States[.]" The Rules Governing 2254 Cases ("Habeas Rules") apply to

habeas petitions under 28 U.S.C. § 2241. *See Williams v. Holloway*, No. 2:14-cv-02652-STA-tmp, 2016 WL 1058017, at *4 n.2 (W.D. Tenn. Mar. 14. 2016). A petition for a writ pursuant to 28 U.S.C. § 2241 generally arises from "a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself." *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)).

Petitions filed pursuant to Section 2241 are subject to initial screening by the Court required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to Section 2241 petitions pursuant to Rule 1(b)). *See also Alexander*, 419 F. App'x at 545 (applying the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), to habeas corpus petitions).

Moving to the initial screening required by 28 U.S.C. § 2241,[2] the sole issue raised in Petitioner's Section 2241 petition is that the Bureau of Prisons ("BOP") is "taking money out of [his] inmate account for FRP payment" and has marked Petitioner as refusing to pay the special assessment. (Doc. No. 3 at 1). Petitioner seeks a court order directing "Colman 2" to "stop taking money out of [Petitioner's] inmate account and also [to] take [Petitioner] off of FRP refuse" and to refund "every money that ha[s] been tak[en] out of [his] inmate account." (Doc. No. 4 at 3).

An inmate must first exhaust all administrative remedies by appropriate grievance process within BOP before seeking redress through the courts. *See, e.g., Cooper v. United States*, No. 88–5217, 1988 WL 86124 (6th Cir. Aug. 18, 1988) (unpublished) (affirming dismissal of inmate's

---

[2] The Court notes that Petitioner sought an interlocutory appeal of the Court's previous denial of his "Motion for Extension of Time to File" a response to Respondent's "currently stated and written argument." (Doc. No. 13). By Order entered on October 19, 2024, the Sixth Circuit dismissed the appeal for lack of jurisdiction. (Doc. No. 20).

civil case challenging required payments when "plaintiff has not attempted to resolve his objection to the program through administrative channels as required by *Davis v. Keohane*, 835 F.2d 1147 (6th Cir. 1987)"); *United States v. Ramirez*, No. 1:05-CR-00071-JAW, 2011 WL 1627339, *1 (D. Me. Apr. 28, 2011) (dismissing inmate's motion to suspend payments "as premature since [inmate] must first attempt to resolve [inmate's] inability to pay through administrative channels before seeking judicial relief").

BOP records submitted by Respondent indicate that, as of July 8, 2024, Parker had yet to administratively challenge the purported withdrawals from his inmate account. (Doc. No. 14, Ex. 1, Record of Administrative Remedies.) Here, as in *Davis*, "where available administrative remedies are as likely as the judicial remedy to provide the desired relief, a district court should dismiss the suit for failure to first exhaust administrative remedies rather than address the merits of the claim." 835 F.3d 1147, 1148. "This practice is consistent with the federal courts' policy of exercising judicial restraint in matters within the expertise of prison administrators and will allow speedy and consistent resolution of claims that may concern many prisoners." *Id.* Parker's petition, which raises at least one unexhausted claim, is not yet appropriate for court intervention.

Accordingly, the Petition for Relief Pursuant to 28 U.S.C. § 2241 (Doc. No. 3) is **DENIED WITHOUT PREJUDICE** to Parker's right to refile his suit should exhaustion of his administrative remedies not obtain the relief he requests. This action is **DISMISSED**.

Federal prisoners who file petitions pursuant to 28 U.S.C. § 2241 challenging their federal custody need not obtain Certificates of Appealability under 28 U.S.C. § 2253(c)(1). *See Durham v. U.S. Parole Comm'n*, 306 F. App'x 225, 229 (6th Cir. 2009); *Melton v. Hemingway*, 40 F. App'x 44, 45 (6th Cir. 2002) ("[A] federal prisoner seeking relief under § 2241 is not required to get a certificate of appealability as a condition to obtaining review of the denial of his petition.").

Nevertheless, a habeas petitioner seeking to appeal must either pay the $605 filing fee required by 28 U.S.C. §§ 1913 and 1917 or seek leave to proceed in forma pauperis under to Federal Rule of Appellate Procedure 24(a). *See Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the petitioner must file his motion to proceed in forma pauperis in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

In this case, because Petitioner has not exhausted his administrative remedies before filing suit, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal in forma pauperis is **DENIED**.

Nevertheless, if Petitioner files a notice of appeal, he must pay the full $605 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within 30 days.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE